UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL NIEVES,

                           Plaintiff,                    21-CV-7119 (LTS)

                -against-                      ORDER DIRECTING PAYMENT OF FEE
                                               OR IFP APPLICATION AND PRISONER
DAVID P. TURCHI, ESQ.,                                    AUTHORIZATION

                           Defendant.

LAURA TAYLOR SWAIN, Chief United States District Judge:

          Plaintiff, currently detained at Bellevue Hospital Prison Ward, brings this action *pro se*.

To proceed with a civil action in this Court, a prisoner must either pay $402.00 in fees – a

$350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed *in*

*forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application and a

prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915.

          If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires

the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account.

*See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of

fees must therefore authorize the Court to withdraw these payments from his account by filing a

"prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct

the $350.00 filing fee[1] from the prisoner's account in installments and to send to the Court

certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C.

§ 1915(a)(2), (b).

---

          [1] The $52.00 administrative fee for filing a civil action does not apply to persons granted
IFP status under 28 U.S.C. § 1915.

Plaintiff submitted the complaint without the filing fees or a completed IFP application and prisoner authorization.[2] Within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees or submit the attached IFP application and prisoner authorization forms. If Plaintiff submits the IFP application and prisoner authorization, they should be labeled with docket number 21-CV-7119 (LTS).[3]

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. No summons shall issue at this time. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 24, 2021
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

[2] Plaintiff already has three pending actions, *Nieves v. The New York City Health and Hosp. Corp.*, 1:21-CV-06720, 2 (UA) (S.D.N.Y. filed Aug. 9, 2021); *Nieves v. The New York State Office of Mental Health*, 1:20-CV-09502, 11 (GHW) (OTW) (S.D.N.Y.); *Nieves v. Farber*, 1:20-CV-00990, 2 (LJL) (S.D.N.Y.). The complaint is labeled as an Amended Complaint but does not have a docket number and it is not clear that Plaintiff intends it to be filed in one of his pending actions, superseding the existing complaint.

[3] Plaintiff is cautioned that if a prisoner files an action that is dismissed as frivolous, malicious, or for failing to state a claim, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and must prepay the full filing fee at the time of bringing any new action.